IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**                                       **NO. 4:23-CV-141-DMB-JMV**

**JASMINE WILLIAMS**                                          **DEFENDANT**

**ORDER**

On July 27, 2023, the United States of America filed a complaint against Jasmine Williams in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA') … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Williams'] receipt of Paycheck Protection Program [('PPP')] funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Williams, through false representations, received PPP loan proceeds totaling $20,833.00 (for which the Small Business Administration paid a total of $2,500.00 in processing fees to the financial institution involved) and that Williams, also through false representations, obtained forgiveness of the loan by the SBA. *Id.* at PageID 6–7.

On August 10, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the [proposed consent judgment]."[1] Doc. #4. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Williams who appears pro se. *Id.* at PageID 16.

---

[1] In violation of Local Rule 7(b)(2)(F), a proposed consent judgment was filed as an exhibit to the joint motion. Doc. #4-1.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Williams to pay $23,776.10 plus interest and a $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The Court will sign and enter the proposed consent judgment.

**SO ORDERED**, this 15th day of August, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**